## Commonwealth v. Courtney

*Harry B. Richardson,* for Commonwealth.
*Buchanan, Wallover & Barrickman,* for appellant.

McCREARY, P. J., February 27, 1948.—The above-entitled matter came before the court this date by virtue of an appeal filed by the above-named defendant against the action of the Department of Revenue in suspending his operator's license for a period of 30 days. A hearing was had at which the department was represented by Harry B. Richardson, Esq., and there was called as a witness for the Commonwealth one Ralph Cole, a member of the Pennsylvania State police stationed at Rochester, in this county.

It appears from the testimony of Ralph Cole that defendant had an accident on March 26, 1947, on Route No. 18, in this county, at a point near the entrance to the Koppers Company manufacturing plant in Potter Township. Upon receiving a call at the State police barracks, Cole proceeded immediately to the scene of the accident, and made a thorough investigation and a report thereof to the Department of Revenue recommending suspension of license on the ground that his investigation convinced him that the operating privileges of defendant should be suspended for violation of section 1002 (a) of The Vehicle Code of May, 1929, P. L. 905, relating to "driving too fast for conditions". It should be noted that Cole was not a witness to the accident and could testify only to what he found on the ground when he arrived at the scene of the accident about noon on March 26, 1947. He testified that it appeared that the truck being operated by defendant had left the highway as it was proceeding north on Route No. 18, proceeded a distance of 293 feet and then upset on the highway on the driver's righthand side thereof. The driver was very seriously injured such that he could give no account of how the accident took place. It appears that the right wheels of the truck left the paved portion of the highway and left marks in the snow along the berm for a distance of about 293 feet. The driver had been operating his motor vehicle on a down grade. There was, naturally, no evidence as to the speed of the truck. The officer testified that at a point about 100 feet south of the place where the right wheels of the truck left the paved portion of the highway, there was evidence of ice across the entire width of the highway and that it had been snowing at the time of the happening of the accident. He reached his conclusion that the defendant was operating his truck at a speed "too fast for conditions" solely on the basis of what he found on the ground, namely, the wheel marks along the righthand berm of the highway, and

the fact that the truck traveled a distance of 293 feet from the point where it first left the paved portion of the highway to the point where it upset. There was no other evidence in the case on the basis of which any conclusion could be reached as to the speed of the motor vehicle just prior to the happening of the accident.

We are satisfied that the evidence is not sufficient to sustain the burden which is on the Commonwealth to establish the fact of violation of The Vehicle Code by the fair weight and preponderance of the evidence. The appeal must be sustained.

An examination of the record in this case convinces the court that the proceedings before the representative of the Department of Revenue were highly irregular. We questioned Mr. Cole when he was on the stand concerning whether or not he appeared at the hearing before the department representative on November 18, 1947. He said he had not appeared to testify for the Commonwealth. We questioned him further as to whether he had recommended to the department that defendant's operator's license be suspended for "reckless driving." The record of the Department of Revenue shows on its face that the reason for withdrawal of the defendant's operating privilege was "reckless driving". We are at a loss to understand how the Department of Revenue could make a finding of "reckless driving" when it had before it no witnesses to testify to any such thing. It is true that defendant appeared at the hearing in response to a notice sent to him by the department, but the transcript of the testimony taken before the agent of the department is totally lacking of evidence showing, or tending to show, any reckless driving on the part of defendant at and immediately preceding the time of the happening of the accident. It shows nothing except a statement on the part of defendant that at a point about a quarter of a mile back of the place where the State policeman says defendant's truck left the road, the truck hit some kind

of an obstruction in the highway, either a hole covered by snow, or a ridge obscured by snow, and that defendant himself does not know what happened to his truck after that happened. It is entirely consistent with this testimony that defendant may have bumped his head and been knocked out by the jolt which he received at that point, and that thereafter he was in nowise responsible for the gyrations of his truck.

The Department of Revenue should instruct its hearing agents that they have an obligation to the public not to clutter up the courts with cases of suspension that have absolutely no merit. It is unfair to a defendant to have the department withdraw his operating privileges without producing witnesses to sustain the charge of violation of the provisions of The Vehicle Code. It does not follow that because a State policeman, who was not a witness to the accident, makes a recommendation to the department that the operator's privileges be withdrawn the hearing agent must automatically withdraw the operator's driving privileges without hearing any testimony on the subject, and particularly the hearing agent should not withdraw the operator's driving privileges for a cause which was not even reported to the department by the State police. It is our recommendation that the Secretary of Revenue review the record in this case showing absolutely no evidence on the basis of which the hearing agent could conclude that defendant was guilty of reckless driving, and for the purpose of calling to the attention of these hearing agents that star chamber proceedings were abolished in England many years before our system of courts were set up in the United States. Such proceedings were never countenanced by our laws and the hearing agents should be so advised.

We therefore make the following

*Order*

Now, February 27, 1948, the appeal of above-named defendant is sustained, and the action of the Depart-

ment of Revenue in withdrawing defendant's operating privileges is reversed.